# Third District Court of Appeal

## State of Florida

Opinion filed November 4, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-578
Lower Tribunal No. 12-37737

_____

**Regions Bank,**
Appellant,

vs.

**Mario Squitieri,**
Appellee.

_____

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Marcadis Singer, P.A., and Robert J. Lindeman (Tampa), for appellant.

Javits & Associates, P.A., and David B. Javits, for appellee.

Before EMAS, C.J., and SCALES and HENDON, JJ.

HENDON, J.

Regions Bank appeals from a non-final order temporarily granting, without prejudice, Mario Squitieri's Emergency Claim of Exemption from a writ of

garnishment. We reverse the order under review and remand for a hearing as required by section 77.041(3) of the Florida Statutes.

In 2014, Regions Bank obtained a default final judgment against Squitieri in the amount of $198,234.72. In 2019, Regions Bank filed a motion for writ of garnishment, requesting that the trial court issue a writ of garnishment against a certain bank ("Garnishee"). The trial court issued the writ, and on January 13, 2020, the Garnishee filed an amended answer, stating that there were two accounts with funds that may be subject to the writ of garnishment, and that it had set aside those funds, totaling over $13,000.00. The following day, Regions Bank mailed to Squitieri the motion for writ of garnishment, the writ of garnishment, and a notice of his rights against garnishment.

On January 30, 2020, Squitieri filed a motion to dissolve the writ of garnishment and a sworn claim of exemption, requesting a hearing and asserting that the funds in the bank accounts are "proceeds from homestead," and therefore, exempt from garnishment under Article X, § 4, of the Florida Constitution. On February 3, 2020, Regions Bank opposed Squitieri's sworn claim of exemption and requested an evidentiary hearing.

On March 17, 2020, the trial court entered a "Temporary Order on Claim of Exemption," explaining that the court had temporarily cancelled all hearings to limit the spread of the Coronavirus, and therefore, "in an overabundance of caution," the

2

trial court was temporarily granting Squitieri's claim of exemption, without prejudice, to bring the claim of exemption to the trial court's attention "in the near future so the Court can resolve this with a full hearing." Rather than bringing the matter to the trial court's attention, Region Bank filed this non-final appeal.[1]

Regions Bank argues that the trial court reversibly erred by temporarily granting Squitieri's claim of exemption to garnishment without a hearing to determine the veracity of the claim of exemption. We agree.

Section 77.041(3) of the Florida Statutes, provides as follows:

> Upon the filing by a defendant of a sworn claim of exemption and request for hearing, a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions. If the plaintiff or the plaintiff's attorney does not file a sworn written statement that answers the defendant's claim of exemption within 8 business days after hand delivering the claim and request or, alternatively, 14 business days if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.

In the instant case, the trial court realized that it needed to conduct a hearing on Squitieri's claim of exemption, but due to the cancellation of hearings in response to the coronavirus, it did not hold the required hearing before temporarily granting Squitieri's claim of exemption. As a hearing is required under section 77.041(3), we reverse the order under review and remand with directions to the trial court to

---

[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(3)(C)(ii).

conduct the required hearing.

       Reversed and remanded.